**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIANA ANDREA SIERRA BERNAL,<br><br>             Petitioner,<br><br>      v.<br><br>JAMES JANECKA, *et al.*,<br><br>             Respondents. | Case No. 5:26-cv-03116-DMK<br><br>**MEMORANDUM AND ORDER GRANTING PETITION AND ORDERING RELEASE FORTHWITH AND DENYING AS MOOT *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

On June 7, 2026, Petitioner Daiana Andrea Sierra Bernal ("Petitioner"), a citizen of Colombia and immigration detainee, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241, challenging her detention at the Adelanto ICE Processing Center.  ECF 2.

Petitioner entered the United States on or about April 13, 2023, whereupon she presented herself to immigration authorities and was found to have a credible fear of persecution.  ECF 2 at ¶ 3.  She was then released on an Order of Recognizance with Alternatives to Detention, which she largely complied with for more than two and a half years, until she was re-detained on December 17, 2025.  *Id.*

That day, Petitioner was voluntarily reporting to the Enforcement and Removal Operations division of Immigration and Customs Enforcement, pursuant to her obligations under the Order of Recognizance. *Id.* at ¶ 27.  But instead of leaving after her check-in, Petitioner was taken into custody for allegedly missing appointments and check-ins at various times in 2024 and 2025.  ECF 8 at 2. Petitioner alleges, and Respondents do not dispute, that she "received no prior notice that her release was being revoked and no opportunity to contest her re-detention." ECF 2 at ¶ 27.

Having been detained now for approximately seven months, Petitioner contends she is entitled to relief under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), because there is no significant likelihood of removal in the reasonably foreseeable future, and that her ongoing confinement violates substantive due process, procedural due process, and the Administrative Procedure Act.  *See generally* ECF 2.

Respondents filed an Answer to the Petition on June 16, 2026, to which Petitioner responded by filing a Traverse on June 17, 2026.  ECF 8, 9.  On July 9, 2026, Respondents provided notice that they intended to remove Petitioner to Ecuador on July 15, 2026.  ECF 10.  The next day, Petitioner filed an ex parte application for temporary restraining order, asking that the Court either rule on the instant Petition before Petitioner is scheduled to be deported, or temporarily stay Petitioner's removal pending ruling.  ECF 11.  On July 13, 2026, the Court ordered briefing on the ex parte application, and subsequently held a hearing on the matter on July 16, 2026.  ECF 12, 17.

The matter is now fully briefed and ready for decision.

The Due Process clause applies to noncitizens within the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In deciding what process is due, courts require that some type of hearing be held

before the government deprives a person of liberty or property. *Zinermon v. Burch*, 494 U.S. 113, 127, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990).

Here, Petitioner's due process rights were violated when she was detained without notice or a pre-deprivation hearing.[1]

In the context of immigration detention, the Ninth Circuit has applied the three-part test of *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), to determine exactly what procedures are required by due process. *Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022). The *Mathews* test requires consideration of the following: (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedure, and "the probable value . . . of additional or substitute procedural safeguard"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews*, 424 U.S. at 335.

Each of the *Mathews* factors is satisfied here.

First, the private interest at stake–Petitioner's complete deprivation of liberty-—is indisputably high. Petitioner was released on an order of recognizance shortly after entering the United States. "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases). Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (cleaned up) (internal quotation marks omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

---

[1] Given that the Court is granting habeas relief on Petitioner's procedural due process claim, the Court finds it unnecessary to engage in an analysis of Petitioner's remaining claims.

3

Second, the risk of erroneous deprivation is significant because Petitioner has not been afforded an opportunity to contest her detention.  Civil immigration detention must be "nonpunitive in purpose" and bear a "reasonable relation" to the authorized statutory purposes of preventing flight and danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 2499 (2001); *see also Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.").  In releasing Petitioner on an order of recognizance, Respondents necessarily found that she did not pose a significant flight risk or danger to the community.  Respondents have not demonstrated that anything has changed since Petitioner's original release to suggest that she no longer meets these criteria.  While Respondents claim that Petitioner "was taken into custody for being a program violator" (ECF 8 at 5), they do not provide any justification for failing to provide Petitioner with any opportunity respond to their allegations of non-compliance.  This failure to consider Petitioner's individual circumstances on a unilateral determination of re-detention only "further magnifies the risk of erroneous deprivation."  *See Khachikyan v. Janecka*, No. EDCV 26-01315-KK-KESX, 2026 WL 1195995, at *4 (C.D. Cal. Apr. 13, 2026).

Finally, the government's interest in detaining Petitioner without notice and a hearing is minimal.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).  Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 U.S. Dist. LEXIS 165913 at *18 (C.D. Cal. Aug. 26, 2025) (*quoting Doe v.*

*Becerra*, 787 F.Supp.3d 1083, 1094) (E.D. Cal. March 3, 2025)).  As discussed above, the fact that Petitioner was placed on an order of recognizance in the first instance establishes that the government has already been satisfied that her release will not pose a danger to property or persons, and that she is likely to appear for any future proceeding.  Thus, this factor also militates in favor of finding that Petitioner's continued detention violates her right to procedural due process.

Accordingly, IT IS HEREBY ORDERED that:

1)      The Petition is GRANTED;

2)      Respondents are DIRECTED to release Petitioner Daiana Andrea Sierra Bernal (A# 246-646-398) FORTHWITH on conditions no more restrictive than those in effect when she was most recently detained. This Order does not provide Petitioner with blanket immunity from future detention, but any future enforcement actions after release must comply with due process requirements.

3)      Respondents are DIRECTED to return to Petitioner at the time of her release all confiscated documents and possessions;

4)      Within 30 days of entry of final judgment in this action, the Court will consider an application from Petitioner for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED:   July 17, 2026

_____
HON. DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE

5